**Nartausha A. MILLS, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**Women's National Basketball Association t/a Washington Mystics, et al., Intervenors.**

**No. 02–AA–1223.**

District of Columbia Court of Appeals.

Argued Nov. 6, 2003.
Decided Dec. 24, 2003.

Benjamin T. Boscolo, Greenbelt, MD, for Petitioner.

Clifton M. Mount, for Intervenor, Women's National Basketball Association.

Arabella W. Teal, Interim Corporation Counsel at the time the statement was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the statement was filed, and Edward E. Schwab, Assistant Corporation Counsel at the time the statement was filed, filed a statement in lieu of brief for Respondent.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

SCHWELB, Associate Judge:

On October 11, 2002, the Director of the District of Columbia Department of Employment Services (DC DOES) affirmed a Compensation Order entered by a DC DOES Administrative Law Judge (ALJ) denying in pertinent part the claim of Nartausha A. Mills, then a professional basketball player for the Washington Mystics and an employee of the Women's National Basketball Association (WNBA) (the employer), for temporary total disability benefits. Ms. Mills has filed a petition for review in this court, contending that the Director's decision is not supported by substantial evidence and that it is based on an erroneous legal analysis. We vacate the Director's decision and remand for further proceedings.

1. The full name of the team is Urla Genclik.

## I.

### THE PROCEEDINGS BEFORE THE AGENCY

In April 2000, Ms. Mills, then a student at the University of Alabama, was the second selection in the WNBA draft and was selected by the Mystics. She signed a contract providing that she would play for the Mystics until May 15, 2001. The WNBA's regular season ran from training camp in May 2000 until September 15 of that year. It is undisputed that, during the long off-season from September to May, players in the WNBA had the right to seek employment elsewhere, including the opportunity to play basketball abroad.

On May 17, 2000, while at practice, Ms. Mills suffered an injury to her left hand and wrist when she stretched out her left arm to break a fall. She nevertheless continued to play until mid-August 2000, with a splint protecting her left wrist. On or about August 30, 2000, Ms. Mills had surgery, and her wrist was placed in a cast for three months.

Ms. Mills testified that at some time not identified in the record, her agent had received an oral offer from Urla, a professional basketball team in Turkey,[1] inviting her to play for that team during the 2000–01 off-season. Ms. Mills was, however, unable to accept the Turkish team's offer because her injury and operation prevented her from playing. Ms. Mills stated that following her recovery, she did play for Urla during the 2001–02 off-season and earned $50,000.

The employer voluntarily paid Ms. Mills her full salary for the 2000 season. The employer declined, however, to pay her total temporary disability benefits and related medical expenses for the period from September 16, 2000 until May 14, 2001.

Ms. Mills then filed a claim for these benefits and expenses pursuant to the Workers' Compensation Act (WCA), D.C.Code §§ 32–1501 *et seq.* (2001).

The ALJ denied Ms. Mills' claim. The ALJ wrote, in pertinent part:

> Claimant argues her "salary from the employer covered only the period which constitutes the entire Regular Season, and (her) total wage loss was the direct result of her hand injury .…" In other words, claimant received no compensation during the 2000 off-season. Claimant conceded in her testimony at the formal hearing that her employment contract with the Mystics, although permitting an off-season employment, never guaranteed it, and it was entirely up to her own efforts to secure employment in the off-season.
>
> A careful review of the record in this case, however, does not indicate claimant presented any evidence supporting her claim how she was entitled to a continued employment during the 2000 off-season, which she could not perform due to her May 17, 2000 injury. Thus, there is no ascertainable wage loss for the 2000 off-season.

Remarkably, the ALJ made no reference at all to Ms. Mills' testimony regarding the oral offer from the Turkish club.

The Director of DC DOES affirmed the ALJ's decision, albeit on somewhat different grounds. In the dispositive portion of his decision, the Director wrote:

> On appeal, the Claimant argues that she is entitled to temporary total disability benefits because she had received an offer to play professional basketball in Turkey during the off-season, but due to her injury, was unable to pursue that employment.…
>
> A review of the record indicates that the Claimant's agency made inquiries into playing abroad and that an offer was made.… However, *an offer of employment is not tantamount to a guarantee of employment.* An offer without an acceptance does not create a contract and mutual obligations. If the Claimant had accepted the offer of employment in Turkey, perhaps a different outcome would result. That she played professional basketball in Turkey during the 2001 off-season *is not a guarantee of employment* during the 2000 off-season to warrant the payment of workers' compensation benefits.

(Emphasis added; footnote omitted.)

This petition for review followed.

## II.

## LEGAL ANALYSIS

A. *Standard of review.*

■ Our standard of review of agency decisions in workers' compensation cases is governed by the District's Administrative Procedure Act. D.C.Code §§ 2–501, –5105 (2001). *See* D.C.Code § 32–1522(b)(3) (2001). We must determine first, whether the agency has made a finding of fact on each material contested issue of fact; second, whether the agency's findings are supported by substantial evidence on the record as a whole; and third, whether the Director's conclusions flow rationally from those findings and comport with the applicable law. *Ferreira v. District of Columbia Dep't of Employment Servs.*, 667 A.2d 310, 312 (D.C.1995); *see also Upchurch v. District of Columbia Dep't of Employment Servs.*, 783 A.2d 623, 626–27 (D.C.2001). "Substantial evidence is 'relevant evidence such as a reasonable mind might accept as adequate to support a conclusion.'" *Black v. District of Columbia Dep't of Employment Servs.*, 801 A.2d 983, 985 (D.C.2002). If the Director's findings are *not* supported by substantial evidence, they can-

not be sustained. *Jadallah v. District of Columbia Dep't of Employment Servs.*, 476 A.2d 671, 676 (D.C.1984).

■ Our review of the Director's legal conclusions is *de novo. Belcon, Inc. v. District of Columbia Water & Sewer Auth.*, 826 A.2d 380, 384 (D.C.2003). Recognizing agency expertise, however, we accord great weight to any reasonable construction of a statute by the agency charged with its administration. *George Hyman Constr. Co. v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 103, 108 (D.C.1985); *see also Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

### B. *Compensable loss.*

The ALJ and the Director each denied relief to Ms. Mills, but on markedly different grounds. Neither ground can be sustained.

■ The ALJ held that Ms. Mills had failed to present any evidence of an ascertainable wage loss during the 2000–01 off-season. The ALJ did not, however, address or even mention the wage loss claimed by Ms. Mills as a result of her injury, namely, the opportunity to play professional basketball in Turkey during the off-season. The ALJ thus failed, without any explanation, to make a finding with respect to the principal factual allegation on which Ms. Mills had relied in support of her claim.

■ The Director, on the other hand, recognized the need to address the offer from Urla. The Director explicitly acknowledged that if Ms. Mills had accepted the offer, "perhaps a different outcome would result." The Director denied relief, however, because "an offer of employment is not tantamount to a *guarantee* of employment." (Emphasis added.)[2]

The Director cited no authority for this purported requirement of certainty, and we know of none. Counsel for the employer likewise cited no such authority, and, at oral argument, he was not prepared to defend the "tantamount to a guarantee" standard. In this area, as in most, the law does not deal in certainties. Rather, a showing of disability must be by "substantial evidence." *Upchurch*, 783 A.2d at 627. In a very recent opinion, we rejected a finding by another agency which rested on a party's failure to establish "conclusively" a contested fact. *Pres. & Dirs. of Georgetown College v. District of Columbia Bd. of Zoning Adjustment*, 837 A.2d 58, 67, No. 01–AA–182 (D.C.2003).

■ In this case, Ms. Mills presented substantial evidence which, if credited by the trier of fact, could form the basis for a finding of a wage loss resulting from Ms. Mills' "on the job" injury. Urla's payment of $50,000 to Ms. Mills for her play during the ensuing off-season suggests that the claimed loss was no mirage, nor was it necessarily insubstantial. Moreover, as a No. 2 draft pick, Ms. Mills plainly had much to offer to the Turkish club. Whether there was in fact a compensable wage loss—an issue which we do not decide—may turn on a number of factors, including whether there was other work that Ms. Mills, a college graduate, could have performed during the off-season and, if so, whether the expected remuneration for such work was equal or comparable to her potential salary in Turkey. *Cf. The Washington Post Co. v. District of Columbia Dep't of Employment Servs.*, 675 A.2d 37, 42 (D.C.1996). In any event, on remand, the agency must make appropriate findings regarding the oral offer from Urla,

---

**2.** Indeed, the Director used the word "guarantee" not once but twice.

any loss suffered by Ms. Mills as a result of her inability to accept the offer, and other related issues.[3]

this opinion, including a further remand to the ALJ for appropriate evidentiary findings on the subjects described above.[4]

## III.

### CONCLUSION

For the foregoing reasons, the decision of the Director is vacated. The case is remanded to the Director with directions for further proceedings consistent with

---

[3] The ALJ found that Ms. Mills was released by her physician to play basketball in January 2001, and that she played until September 2001. The employer claims that Ms. Mills was not totally disabled between January and September 2001.

[4] We take no position as to whether, on remand, the record should be reopened for the taking of additional evidence. We likewise need not and do not address the question whether, for purposes of calculating Ms. Mills' average weekly wage, Ms. Mills' contract was for a full year or for a shorter period. That issue goes to the amount of compensation, if any, to which Ms. Mills is entitled. Neither party has asked us to review the agency's disposition of that aspect of the case.