Mulatua GOBA, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Au Bon Pain Company, Inc. and
Wausau Insurance Company,
Intervenors.

No. 07–AA–597.

District of Columbia Court of Appeals.

Argued Oct. 7, 2008.
Decided Nov. 20, 2008.

The agency intervened and is therefore enti-
tled to recover its share of the rent paid. *See*

*Anderson, supra*, 923 A.2d at 865.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Mary T. Connelly, Assistant Attorney General for the District of Columbia, with whom Linda Singer, Attorney General for the District of Columbia at the time the brief was filed, Todd S. Kim, Solicitor General for the District of Columbia, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for respondent.

Donald P. Maiberger argued the case and Anita U. Ajenifuja filed a brief, for intervenors.

Before RUIZ, GLICKMAN, and FISHER, Associate Judges.

GLICKMAN, Associate Judge:

Petitioner Mulatua Goba seeks review of a decision by the Compensation Review Board ("CRB") of the Department of Employment Services ("DOES") denying her request for an award of attorney's fees she incurred in connection with her worker's compensation claim. Because Goba did not meet the statutory criteria for a fee award, we affirm.

Goba suffered temporarily disabling head and neck injuries when a set of pots fell on her while she was working at Au Bon Pain. She filed her claim for workers' compensation benefits on December 6, 2005. On or about that same date, Goba retained the law firm of Chasen & Boscolo to assist her with her claim. A few days later, Au Bon Pain's insurance carrier notified Goba's attorney that her claim was accepted. The carrier requested Goba's medical records and wage loss documentation in order to determine what compensation to pay her.

Apparently because the carrier had difficulty obtaining the documents it sought, its payment of Goba's compensation was delayed.[1] Accordingly, on January 11, 2006, Goba's attorney asked the Office of Workers' Compensation to schedule an informal conference on her claim. On March 6, 2006, shortly before the informal conference was to have been held, Goba started receiving her compensation payments.

Asserting that Au Bon Pain and its carrier (hereinafter "Intervenors") had been

---

1. It is not clear from the record before us exactly why Goba's disability compensation was held up. The Workers' Compensation Act states: "Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." D.C.Code § 32–1515(a) (2001). "The 1st installment of compensation shall become due on the 14th day after the employer has knowledge of the job-related injury or death, on which date all compensation due shall be paid." *Id.* § 32–1515(b).

"unwilling to voluntarily pay the benefits [she] sought" until they were prodded to do so by her attorney's request for an informal conference, Goba petitioned DOES for an award of her attorney's fees under D.C.Code § 32–1530(a) (2001).[2] Intervenors opposed the request, contending that they had "voluntarily agreed to pay any applicable compensation well before any conference took place." A claims examiner denied Goba's request to assess Intervenors for her fees. Goba appealed to the CRB, which upheld the examiner's ruling.

Although Intervenors promptly accepted her disability claim, Goba contended that their tardy payment (approximately 90 days after they were notified of her claim) entitled her to a fee award under D.C.Code § 32–1530(a). The CRB disagreed for two reasons. First, as it construed the statute, a claimant is not eligible for an award of attorney's fees unless her employer (or its carrier) "decline[d]" to pay compensation because it denied liability under the Workers' Compensation Act. In agreement with the claims examiner, the CRB found "no evidence" that Intervenors had " 'declined' at any time to pay compensation for any reason other than the need to verify the nature and amount of the benefits sought." As the CRB explained, D.C.Code § 32–1530(a) "does not concern itself with mere late payment, or with delays in payment, whether reasonable or unreasonable;" un-

like other provisions of the Workers' Compensation Act, the fee-shifting statute "is intended to encourage *voluntary* payment of benefits, not *timely* payments."

Second, the CRB held, D.C.Code § 32–1530(a) does not authorize an award of attorney's fees unless the claimant has obtained (through the successful efforts of her attorney) an "award of compensation," i.e., a compensation order. Such an award, the CRB explained, "can only come about as a result of Agency action (after a 'successful prosecution') through the issuance of a Memorandum or Recommendation issued by the Office of Workers' Compensation (OWC) following an informal conference which thereafter becomes a final order, or following a formal hearing conducted by the Administrative Hearings Division (AHD)." In this case, there was no award of compensation, because no informal conference or formal hearing proved to be necessary.

■ In her petition for review in this court, Goba does not challenge the factual findings on which the CRB relied, but only its interpretation of D.C.Code § 32–1530(a). The question is one of law and our review is de novo,[3] though our policy— in deference to the agency's expertise and responsibilities—is to accept the CRB's interpretations of the Workers' Compensation Act if they are reasonable in light of the statutory language, the legislative his-

---

2. D.C.Code § 32–1530(a) provides as follows:

 (a) If the employer or carrier declines to pay any compensation on or before the 30th day after receiving written notice from the Mayor that a claim for compensation has been filed, on the grounds that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits thereafter utilizes the services of an attorney-at-law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensa-

tion, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the Mayor, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

3. *See, e.g., Georgetown Univ. Hosp. v. District of Columbia Dep't of Employment Servs.*, 929 A.2d 865, 869 (D.C.2007).

tory, and judicial precedent.[4]

 We agree with the CRB's first reason for rejecting Goba's request, that a claimant is not eligible for an award of attorney's fees under § 32–1530(a) unless the employer (or carrier) disputed liability. That is not merely a reasonable interpretation, it is the only interpretation compatible with the unambiguous statutory language. We therefore find it unnecessary to address the CRB's second reason, that an "award of compensation" in a compensation order is a prerequisite to a fee award.

 By the plain language of § 32–1530(a), the mere failure to pay compensation within thirty days of receiving written notice of a claim is not enough to expose an employer or carrier to an attorney's fee award. Rather, fees may be awarded only "[i]f the employer or carrier declines to pay any compensation ... on the grounds that there is no liability for compensation...."[5] Thus, while other provisions of the Workers' Compensation Act address tardy payment of compensation,[6] § 32–1530(a) addresses a different matter—the employer's (or carrier's) decision to contest liability and require the employee "*thereafter* [to] utilize[ ] the services of an attorney-at-law in the successful prosecution of his claim" for disability benefits.[7] Goba's alternative interpretation of the statute— that *every* failure to pay compensation within thirty days may support a fee award, regardless of the reason—ignores the express requirement that the employer's or carrier's refusal to pay must be "on the grounds" of lack of liability. An interpretation of the statute that nullifies some of its language is neither reasonable nor permissible.[8]

 In order to dispute liability, the employer should file a timely notice setting forth "the grounds upon which the [employee's] right to compensation is controverted."[9] But an employer cannot "evade [attorney's] fee liability" for refusing to

---

4. *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs. (WMATA)*, 825 A.2d 292, 294 (D.C.2003). The CRB exercises delegated authority to perform administrative appellate review in workers' compensation cases pursuant to D.C.Code § 32–1521.01 (Supp.2008).

5. D.C.Code § 32–1530(a). The phrase "on the grounds that there is no liability for compensation within the provisions of this chapter" is an adverbial clause modifying the verb "declines."

6. *See* D.C.Code § 32–1515(e) (2001) (imposing 10% penalty "[i]f any installment of compensation payable without an award is not paid within 14 days after it becomes due"); *id.* § 32–1515(f) (imposing 20% penalty "[i]f any compensation, payable under the terms of an award, is not paid within 10 days after it becomes due"); *id.* § 32–1528(b) (2001) (establishing penalty for "delay[ing] the payment of any installment of compensation to an employee in bad faith").

7. D.C.Code § 32–1530(a) (emphasis added). The use of the word "thereafter" explicitly relates the compensable involvement of the claimant's attorney to the employer's declination of liability. *Cf. Day v. James Marine, Inc.*, 518 F.3d 411, 415–19 (6th Cir.2008) (discussing import of the word "thereafter" in 33 U.S.C. § 928(a), the attorney's fee provision of the Longshore and Harbor Workers' Compensation Act).

8. "Each provision of the statute should be given effect, so as not to read any language out of a statute whenever a reasonable interpretation is available that can give meaning to each word in the statute." *Providence Hosp. v. District of Columbia Dep't of Employment Servs.*, 855 A.2d 1108, 1114 (D.C.2004) (construing D.C.Code § 32–1530(b)) (quoting *Bd. Dirs. of the Washington City Orphan Asylum v. Bd. Trs. of the Washington City Orphan Asylum*, 798 A.2d 1068, 1080 (D.C.2002)) (internal quotation marks omitted).

9. D.C.Code § 32–1515(d); *see also* 7 DCMR § 210 (2008).

pay compensation by the simple expedient of remaining silent and "failing to decline payment formally." [10] Where an employer fails to pay compensation but is silent as to the reason (or, conceivably, advances an invalid, pretextual justification), the fact finder should be able to infer that the employer declined to pay because it denied liability.

■ The history of § 32–1530(a) only confirms the CRB's reading. The statute is derived from, and is "virtually identical to," the fee-shifting provision in the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928(a).[11] Judicial construction of the federal statute supports the CRB's interpretation that § 32–1530(a) applies only if the employer or carrier disputes liability. As one federal court has stated, "[t]he fee-shifting provision of the LHWCA contemplates four triggering events for assessing fees against the employer: (1) formal notice, (2) employer controversion of the claim, (3) successful prosecution by the claimant, and (4) use of an attorney to prosecute the claim." [12] The Council of the District of Columbia shared this understanding of the statute when it decided to retain it verbatim in the Workers' Compensation Act.[13]

We are satisfied that the CRB's legal conclusion—that for a workers' compensation claimant to be eligible for an award of attorney's fees under D.C.Code § 32–1530(a), the employer or carrier must have "decline[d] to pay compensation . . . on the grounds that there is no liability for compensation within the provisions of [the Workers' Compensation Act]"—represents the only appropriate construction of the statute. As Goba does not dispute the CRB's determination that "there is no evidence . . . that [Au Bon Pain or its carrier] 'declined' at any time to pay compensation for any reason other than the need to verify the nature and amount of the benefits sought," we affirm the order denying Goba's request for attorney's fees to be assessed against Intervenors.

10. *Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1105 (9th Cir.2003) (interpreting 33 U.S.C. § 928(a)).

11. *C & P Tel. Co. v. District of Columbia Dep't of Employment Servs.*, 638 A.2d 690, 694 (D.C.1994).

12. *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359–60 (5th Cir.2002).

13. *See* COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON PUBLIC SERVICES AND CONSUMER AFFAIRS, REPORT ON BILL 3–106, DISTRICT OF COLUMBIA WORKERS' COMPENSATION ACT OF 1979, at 17 (Jan. 16, 1980) (explaining that the fee-shifting statute "provides that where a claim is contested and not voluntarily paid by the employer and insurance carrier, the injured worker is entitled to have the employer or insurance carrier pay attorney's fees where the worker wins the contested claim").