Damion FLUELLYN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Washington Metropolitan Area Transit
Authority, Intervenor.

Nos. 10–AA–689, 10–AA–1025.

District of Columbia Court of Appeals.

Argued May 12, 2011.

Decided June 28, 2012.

Richard W. Galiher, Jr. for petitioner.

Sarah O. Rollman, Associate General Counsel, with whom Carol B. O'Keeffe, General Counsel, Mark F. Sullivan, Deputy General Counsel, and Mark H. Dho, Assistant General Counsel, were on the brief, for intervenor.

Peter J. Nickles, Attorney General for the District of Columbia at the time the statement was filed, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, filed a statement in lieu of brief for respondent.

Before GLICKMAN, Associate Judge, RUIZ, Associate Judge, Retired,* and TERRY, Senior Judge.

RUIZ, Associate Judge, Retired:

These consolidated petitions for review ask us to determine whether attorney's fees may be assessed against an employer pursuant to the District of Columbia Workers' Compensation Act, D.C.Code § 32–1501 *et seq.* (2001), where the parties resolved the contested issues after an informal recommendation from the agency

---

* Judge Ruiz was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on September 1, 2011.

but before a formal adjudication of the matter. We agree with the Compensation Review Board that the statute allows an award of attorney's fees only when compensation has been made by the employer after official adjudication compelling the payment of compensation. As there was no such official award of compensation in this case, we affirm the Board's orders denying petitioner's request for attorney's fees.

## I.

Petitioner, Damion Fluellyn, was injured while working for the intervenor, Washington Metropolitan Area Transit Authority (WMATA). He sustained injuries to his neck, back, and elbow resulting from a December 8, 2008 automobile accident, while driving a WMATA bus. Immediately after the accident, WMATA accepted petitioner's claim of a workplace-related disability and paid him disability benefits for several months. However, in March 2009, petitioner and WMATA disagreed over the payment of additional benefits from that point forward. The parties had an informal conference with the Office of Workers' Compensation (OWC), which resulted in a recommendation that WMATA continue to make disability payments to petitioner. WMATA rejected the informal recommendation and filed an application for a formal hearing with the Administrative Hearing Division (AHD). The AHD set a hearing date of November 10, 2009.

Subsequently, on October 26, 2009, after the parties initiated discovery but before the AHD heard the matter, WMATA filed a consent motion to withdraw the application for formal hearing in light of the parties' resolution of the contested issues. The next day, the AHD granted the motion, dismissing the application for formal hearing without prejudice. Pursuant to their agreement, WMATA paid petitioner past-due disability benefits and reinstated by-weekly benefit checks, as had been outlined in the OWC's recommendation from the informal conference.

Petitioner's counsel then filed two petitions for attorney's fees—one with OWC for $2,328.00, and one with AHD for $2,352.00, requesting that both be assessed against WMATA.[1] On January 13, 2010, the OWC issued an order denying petitioner's request for attorney's fees. Citing D.C.Code § 32–1530(b), the OWC noted that no formal hearing had occurred and stated that "[s]ince there was no award/compensation order issued awarding benefits, a fee cannot be assessed against the employer/carrier." Instead, the OWC assessed the legal fees against petitioner pursuant to § 32–1530(c).

On April 9, 2010, the AHD issued a contrary order granting petitioner's request for attorney's fees and costs. The AHD explained that its order dismissing WMATA's application for formal hearing sufficed to establish AHD's consideration of the matter, and that, therefore, petitioner's counsel was entitled to fees for work performed before the AHD pursuant to § 32–1530(b). Petitioner appealed to the Compensation Review Board (CRB) for review of the OWC order denying his request for attorney's fees, and WMATA filed an application with the CRB for review of the AHD order granting petitioner's request for attorney's fees.

---

1. *See* 7 DCMR § 224.8 (2010) ("An application for attorney fees for work performed before the Office of Workers' Compensation shall be filed with the Office. An application for attorney fees for work performed before the Hearings and Adjudication Section shall be filed with the Section. An application for attorney fees for work performed before the Director shall be filed with the Director, DOES.").

On May 14, 2010, the CRB issued a Decision and Order (CRB–10–58) affirming the OWC order assessing attorney's fees against petitioner in connection with proceedings before the OWC. Interpreting § 32–1530(b) to require compensation that is "awarded" as a precondition to assessment of attorney's fees against the employer, the Board found that the compensation WMATA paid to petitioner "was not made pursuant to a compensation order, an OWC final order, or an OWC order approving what ultimately became a resolution between the parties." The Board also rejected petitioner's argument that the AHD dismissal order was an award, explaining that "[t]he dismissal order in no way rendered or can be deemed a decision on the merits of the underlying controversy." Because WMATA had paid petitioner "without an award," the Board concluded that the compensation paid to petitioner fell outside of § 32–1530(b), which established "the circumstances by which an attorney's fee shall be assessed against an employer," and it therefore declined petitioner's request that attorney's fees be assessed against WMATA.

On August 19, 2010, the CRB issued a Decision and Order (CRB–10–101) reversing the AHD's order assessing petitioner's attorney's fees against WMATA. As in the companion case, the CRB noted that "[s]ection 32–1530 of the Act specifically provides for an attorney's fee to be assessed against the employer when the employer declines to pay compensation or when the employer pays or tenders payment of compensation after an award." The CRB then explained that these predicate conditions for an award of attorney's fees were not present in this case because petitioner had been paid "compensation without an award," finding "but one conclusion that can be reached—an award only can be assessed against [petitioner]." The CRB reversed the AHD order assessing attorney's fees against WMATA, and, instead, assessed the attorney's fees and costs for legal services rendered in connection with the AHD proceedings against petitioner.[2]

Petitioner filed a petition with this court for review of the two CRB orders: CRB–10–58 (Appeal No. 10–AA–689) and CRB–10–101 (Appeal No. 10–AA–1025). We granted petitioner's motion to consolidate the petitions.

## II.

Petitioner argues that the CRB erred in denying his two requests that attorney's fees be assessed against WMATA because "[a] compensation order is not a prerequisite for holding an employer liable for an attorney fee" and the procedural posture of this case otherwise meets the requirements of D.C.Code § 32–1530(b). WMATA responds that petitioner's requests were properly denied because there was no final order that awarded compensation to petitioner and thus petitioner did not meet the requirements of the statute.

"Our standard of review of agency decisions in workers' compensation cases is governed by the District's Administrative Procedure Act." *Mills v. District of Columbia Dep't of Emp't Servs.*, 838 A.2d 325, 328 (D.C.2003). In reviewing the CRB decision, "we will affirm the ruling unless it is arbitrary, capricious, or otherwise an abuse of discretion and not in accordance with the law." *Washington Metro. Area Transit Auth. v. District of*

2. One member of the CRB dissented, arguing that in light of the parallel case from OWC (CRB–10–58), this matter should have been remanded to the AHD "with appropriate instructions to make the required analysis using the CRB's decision in the companion case before OWC as a guide to the correct outcome."

*Columbia Dep't of Emp't Servs.*, 992 A.2d 1276, 1280 (D.C.2010). The CRB's findings must be "supported by substantial evidence on the record" and its conclusions must rationally flow from these findings. *Mills*, 838 A.2d at 328. " 'Substantial evidence is relevant evidence such as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *Black v. District of Columbia Dep't of Emp't Servs.*, 801 A.2d 983, 985 (D.C.2002)).

■■■ "We review the CRB's legal rulings *de novo*, recognizing that this court is 'the final authority on issues of statutory construction.' " *Asylum Co. v. District of Columbia Dep't of Emp't Servs.*, 10 A.3d 619, 625 (D.C.2010) (quoting *Georgetown Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 929 A.2d 865, 869 (D.C. 2007)). "Recognizing agency expertise, however, we accord great weight to any reasonable construction of a statute by the agency charged with its administration." *Mills*, 838 A.2d at 329. We will sustain the agency's interpretation "even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance." *Smith v. District of Columbia Dep't of Emp't Servs.*, 548 A.2d 95, 97 (D.C.1988). Yet, on the other hand, "[w]e will not affirm an administrative determination that 'reflects a misconception

of the relevant law or a faulty application of the law.' " *Washington Metro. Area Transit Auth.*, 992 A.2d at 1280 (quoting *Georgetown Univ. v. District of Columbia Dep't of Emp't Servs.*, 971 A.2d 909, 915 (D.C.2009)).

The District of Columbia Workers' Compensation Act authorizes assessment of attorney's fees against the employer in two distinct scenarios. *See* D.C.Code § 32–1530; *see also Providence Hosp. v. District of Columbia Dep't of Emp't Servs.*, 855 A.2d 1108, 1111 (D.C.2004) ("The District of Columbia Workers' Compensation Act authorizes a claimant to recover attorney's fees in only two situations."). First, a claimant may recover attorney's fees if the employer disputes liability for the disability and the claimant thereafter uses an attorney's services to successfully obtain compensation. *See* D.C.Code § 32–1530(a).[3] This section of the statute is not implicated in this case because WMATA initially acknowledged liability and made payments. Alternatively, a claimant may recover attorney's fees if the employer tenders compensation initially without an award, but later refuses to pay additional compensation recommended by the agency after an informal conference, and the claimant uses an attorney to recover a greater amount via an award of compensation. *See* § 32–1530(b).[4] In all other

---

3. Section 32–1530(a) provides, in relevant part:

> If the employer or carrier declines to pay any compensation ... on the grounds that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits thereafter utilizes the services of an attorney-at-law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the Mayor, or court ... which shall be paid

directly by the employer or carrier to the attorney. ...

D.C.Code § 32–1530(a).

4. Section 32–1530(b) provides, in relevant part:

> If the employer or carrier pays or tenders payment of compensation without an award pursuant to this chapter, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the Mayor shall recommend in writing a disposition of the controversy. If the employer or carrier

cases, attorney's fees may be assessed against the claimant, *see* § 32–1530(c),[5] subject to a 20% cap. *See* § 32–1530(f).[6] The question before us is whether the process by which additional compensation was secured in this case entitles petitioner to have his attorney's fees assessed against the employer under § 32–1530(b).

■ We have found § 32–1530(b) to be " 'clear and unambiguous in setting forth the circumstances under which a claimant can be awarded attorney's fees.' " *Providence Hosp.*, 855 A.2d at 1113 (quoting *Nat'l Geographic Soc'y v. District of Columbia Dep't of Emp't Servs.*, 721 A.2d 618, 621 (D.C.1998)). We must, therefore, " 'give effect to its plain meaning.' " *Nat'l Geographic Soc'y*, 721 A.2d at 620 (quoting *James Parreco & Son v. District of Columbia Rental Hous. Comm'n*, 567 A.2d 43, 45 (D.C.1989)). Section 32–1530(b) specifies that a claimant may recover attorney's fees only where, after making voluntary payments, the employer has reject-

ed the recommendation of the agency for disability compensation after an informal conference, and "compensation [is] thereafter awarded" that is greater than the amount of compensation tendered by the employer. The dispute here centers on the phrase "compensation thereafter awarded" as it is used in the statute. D.C.Code § 32–1530(b). WMATA argues that the term "awarded" suggests that "[t]here must be a controversy adjudicated by a trier of fact who makes a determination of a right by issuing an award of that right or benefit, which is reduced in clear and direct findings held in a binding order." Petitioner responds that we must consider "the realities of the situation, rather than the labels," and that an "award" requires only that greater compensation in fact be secured for the employee after representation by an attorney, whether or not it is the result of a formal compensation order.

refuse to accept such written recommendation, within 14 days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation and thereafter utilizes the services of an attorney-at-law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation.... If the claimant is successful in review proceedings before the Mayor or court in any such case, an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimant's counsel in accordance with the above provisions. In all other cases any claim for legal services shall not be assessed against the employer or carrier.
D.C.Code § 32–1530(b).

5. Section 32–1530(c) provides:

In all cases, fees for attorneys representing the claimant shall be approved in the manner herein provided. If any proceedings are had before the Mayor or any court for review of any actions, award, order or decision, the Mayor or court may approve an attorney's fee for the work done before him or it, as the case may be, by the attorney for the claimant. An approved attorney's fee, in cases in which the obligation to pay the fee is upon the claimant, may be made a lien upon the compensation due under an award, and the Mayor or court shall fix in the award approving the fee such lien and manner of payment.
D.C.Code § 32–1530(c).

6. Section 32–1530(f) provides:

At no time shall an attorney's fee be approved in excess of 20% of the actual benefit secured through the efforts of the attorney. This provision applies to all benefits secured through the efforts of an attorney, including settlements provided for under this chapter.
D.C.Code § 32–1530(f).

■ "We must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning." *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979). The District of Columbia Workers' Compensation Act does not define the term "award" or "awarded"; however, those terms are used in other sections of the Act to indicate some degree of agency action compelling a disbursement of compensation. For example, in § 32–1515, concerning the requirement to pay compensation to disabled workers, the Act provides that "[c]ompensation ... shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." D.C.Code § 32–1515(a). The procedure for adjudicating claims for compensation, in § 32–1520, states that "the Mayor shall by order reject the claim or make an award in respect of the claim based on substantial evidence before him." *Id.* § 32–1520(c). In both these provisions, the use of "award" implies action by the Mayor (or designee) to evaluate a claim and resolve a liability dispute—a process that is distinct from the tender of compensation by the employer where liability is not disputed. Moreover, § 32–1530 uses the words "pay" or "tender" when referring to an employer's acceptance of the obligation to pay disability compensation and the words "award" or "awarded" when payment of compensation is compelled by order.[7] In particular, subsection (a) provides that "[i]f the employer or carrier *declines to pay any compensation* ... and the person seeking benefits thereafter utilizes the services of an attorney-at-law in the successful prosecution of his claim, there shall be *awarded,* in addition to the *award of com-*

*pensation* ... a reasonable attorney's fee...." § 32–1530(a) (emphases added). Subsection (b) similarly reads: "If the employer or carrier *pays or tenders* payment of compensation *without an award* ... and thereafter a controversy develops over the amount of additional compensation ... and if the compensation thereafter *awarded* is greater than the amount *paid or tendered* by the employer or carrier, a reasonable attorney's fee ... shall be awarded...." *Id.* § 32–1530(b) (emphases added). The statute's use of the terms "award" and "awarded," in other words, refers to situations where payment of compensation is compelled by the agency.

The statute's use of these terms is consistent with general usage. The Supreme Court has stated, with regard to the award of attorney's fees to a prevailing party that "[t]he transitive verb 'award' has a settled meaning in the litigation context: It means '[t]o *give or assign by sentence or judicial determination.*'" *Astrue v. Ratliff,* —— U.S. ——, 130 S.Ct. 2521, 2526, 177 L.Ed.2d 91 (2010) (second alteration in original) (emphasis added) (quoting Black's Law Dictionary 125 (5th ed.1979)) (interpreting the Equal Access to Justice Act, 28 U.S.C. § 2412(d)). We have similarly construed an "award" in cases arising under the federal Longshore and Harbor Workers' Compensation Act (LHWCA), from which § 32–1530 is "derived" and to which it is " 'virtually identical.' " *Goba v. District of Columbia Dep't of Emp't Servs.,* 960 A.2d 591, 595 (D.C.2008) (quoting *C & P Tel. Co. v. District of Columbia Dep't of Emp't Servs.,* 638 A.2d 690, 694 (D.C. 1994)). In *Carey v. Crane Serv. Co., Inc.,* we addressed whether voluntary compensation made to an injured employee under the LHWCA was "compensation under an award in compensation order" such that it

---

7. The statute defines "compensation" neutrally, as "the money allowance payable to an employee or to his dependents...." D.C.Code § 32–1501(6).

would toll the six-month period for suits against a third-party tortfeasor. 457 A.2d 1102, 1103–04 (D.C.1983). We noted that "[t]he crux of the analysis ... focuse[d] on the definition of the term 'award'" and we concluded that "payments made without an award are not synonymous with compensation paid under the terms of an award." *Id.* at 1108. In other words, "[t]o hold that payments made without an award ... are subsumed under the phrase 'compensation under an award' would violate the rule that terms and phrases must be construed consistently throughout a statute." *Id.* We therefore distinguished the acceptance of compensation without an award from "compensation under an award," concluding that compensation without an award did not preclude an employee from later electing to sue a third-party tortfeasor. *Id.* at 1110.

Similarly, here, petitioner's proposed interpretation of "award" for purposes of entitlement to attorney's fees under § 32–1530(b) would eliminate any distinction between compensation that is voluntarily tendered by the employer [8] and compensation that is disbursed only after compulsion, thereby subsuming the terms "pay" and

"tender" within the phrase "compensation thereafter awarded." *Cf. Carey,* 457 A.2d at 1108 ("To define the term 'award' too broadly, so as to construe compensation 'under an award in a compensation order' to include virtually all payments, would be inconsistent with other sections of the LHWCA."). Rather, the plain statutory language requires an "award" of compensation that is compelled in some official form by an administrative agency's order or decree. This interpretation is supported by the language of § 32–1530(b), other uses of "award" in the Workers' Compensation Act, Supreme Court precedent, and our own case law interpreting the "virtually identical" LHWCA statutory scheme. Therefore, we hold that the phrase "compensation thereafter awarded," as used in § 32–1530(b), means compensation payable by an employer to a claimant pursuant to an official adjudication and determination by the Mayor or his designee.[9]

■ We turn to examine whether the facts of this case support an assessment of attorney's fees in favor of petitioner.

---

**8.** Our use of the word "voluntary" in this context must be understood in the context of the statutory mandate that compensation for work related disability "shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." D.C.Code § 32–1515(a).

**9.** We do not think that the legislative history of the statute conflicts with our plain language reading of § 32–1530(b). The Council explained that an assessment of attorney's fees "is a method of discouraging dilatory action by companies to force an injured employee to settle for less than the statutorily established rate of compensation." D.C. Council, Report on Bill 3–106, at 17 (Jan. 16, 1980). Our holding in no way forecloses an assessment of attorney's fees where an employer purposefully delays compensation to

gain a negotiating advantage, and forces the claimant to a formal proceeding. However, where a legitimate controversy exists between the parties that is subsequently resolved without an official adjudication, we think that the goals of the legislature are not adversely affected by the parties' negotiated resolution of their claims. That resolution can include payment of the claimant's attorney's fees, once the compensation payments are agreed upon, in lieu of continuing with formal proceedings. *See also* D.C.Code § 32–1528(a) & (b) (providing for assessment of costs where proceedings "have been instituted or continued without reasonable ground," and payment of additional compensation as penalty where the "Mayor or court determines that an employer or carrier has delayed the payment of any installment of compensation to an employee in bad faith").

"[T]he plain language of § 32–1530(b) authorizes an award of attorney's fees only when the express conditions of the statute are met." *Providence Hosp.*, 855 A.2d at 1114 (denying a claim for an award of attorney's fees because the claimant—rather than the employer—rejected the recommendation of the Mayor's agent); *see also Nat'l Geographic Soc'y*, 721 A.2d at 622 (rejecting a claim for an award of attorney's fees because the claimant failed to seek an informal recommendation from the Mayor before succeeding in a formal hearing). Here, the record is clear that all but one of the statute's conditions were satisfied: WMATA initially tendered compensation after petitioner was injured; a "controversy" thereafter arose over continued disability payments; the parties participated in an informal conference, resulting in a recommendation that WMATA rejected; and petitioner ultimately employed an attorney and secured greater compensation than WMATA was willing to tender after the informal conference. However, there was no "award" of compensation to satisfy the statute's express condition that "the compensation thereafter awarded is greater than the amount paid or tendered by the employer." D.C.Code § 32–1530(b). It is in this respect, as the CRB noted, that petitioner cannot satisfy the express requirements of the statute.

 Petitioner argues that the AHD dismissal order in the wake of WMATA's consent motion to withdraw its application for formal hearing suffices to establish the requisite administrative action necessary for an "award" of compensation. We disagree. As the CRB noted, the dismissal order did not reach the merits of the parties' contested issues, and merely dismissed, without prejudice, WMATA's ap-

plication for formal hearing and cancelled the scheduled hearing. The dismissal order was a procedural mechanism undertaken by the agency in light of the parties' voluntary resolution of their claims. We also see no definitive administrative action at the OWC. Once WMATA rejected the OWC's informal recommendation and filed an application for formal hearing, the OWC was divested of jurisdiction to further consider the matter. *See Travelers Indemnity Co. of Illinois v. District of Columbia Dep't of Emp't Servs.*, 975 A.2d 823, 826 (D.C.2009) (holding that "the filing of an application for a formal hearing after a Memorandum of Informal Conference has been rejected—even if the application is later withdrawn—divests OWC of jurisdiction to enter a final order in a worker's compensation proceeding"). Because the AHD's dismissal order did not remand the matter to the OWC for acceptance of the parties' settlement, the OWC did not have jurisdiction to formally approve the parties' stipulated resolution. *Cf. Biratu v. BT Vermont Avenue, LLC*, 962 A.2d 261, 263 (D.C.2008) (holding that a settlement agreement, as approved by the OWC, could constitute " 'an award in a compensation order' " for purposes of the statutory six-month limitation of filing suit against a third-party tortfeasor) (quoting § 32–1535(b)). Even assuming that the OWC had such authority, we are not convinced that the parties' stipulated resolution would qualify as a settlement agreement subject to approval by the OWC, *see* 7 DCMR § 226 (2010), because there is no indication that the stipulation resolved all the underlying claims.[10] *See Sodexho Marriott Corp. v. District of Columbia Dep't of Emp't Servs.*, 858 A.2d 452, 456 (D.C.2004) ("[A]greements are not 'complete and final' settlements . . . if the lan-

---

**10.** Indeed, as petitioner's counsel acknowledged at oral argument, the parties' stipulated

resolution did not close the case or foreclose any future disputes between the parties.

guage of the agreement leaves open the possibility of additional benefits where there is a change in the claimant's condition, and ... stipulations are not compensation orders if they merely represent voluntary agreements approved by the Office of Workers' Compensation."). Thus, as neither the AHD nor the OWC adjudicated or made a determination on the parties' contested issues—which were resolved in the parties' stipulation—we conclude that there was no "award" of compensation for purposes of § 32–1530(b).

Because the CRB properly construed the plain meaning of "compensation thereafter awarded" and appropriately applied the provisions of § 32–1530(b) to the course of proceedings in this case, we see no error in the CRB's denial of petitioner's request for assessment against the employer of his attorney's fees for work performed before the OWC and the AHD. Accordingly, the Board's orders are hereby

*Affirmed.*