# District of Columbia
# Court of Appeals

**No. 15-AA-648**

JOSEPHINE REYES.,

Petitioner,



F I L E D

DEC **29** 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

**CRB-158-14**

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES,

Respondent.

On Petition for Review from an Order of the<br/>Compensation Review Board

BEFORE: EASTERLY and MCLEESE, *Associate Judges*; and NEBEKER, *Senior Judge.*

## JUDGMENT

This case came to be heard on the administrative record, a certified copy of the agency hearing transcript and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the matter is remanded to the Compensation Review Board so it can address the merits of the Administrative Law Judge's determination that petitioner's right knee condition was causally related to her January 2011 workplace injury.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: December 29, 2016.

Opinion issued *Per Curiam.*

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-AA-648

JOSEPHINE REYES, PETITIONER,

FILED  12/29/16
District of Columbia
Court of Appeals
Julio Castillo
Clerk of Court

V.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

On Petition for Review from an Order of the
Compensation Review Board
(CRB-158-14)

(Argued June 3, 2016                                    Decided December 29, 2016)

*Michael J. McAuliffe* for petitioner.

*Lucy E. Pittman*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for respondent.

Before EASTERLY and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM:  Dr. Josephine Reyes, the petitioner, is challenging the Compensation Review Board's (CRB) determination that a Department of Employment Services (DOES) Administrative Law Judge (ALJ) lacked jurisdiction to consider her claim, based on an injury to her right knee, for workers' compensation benefits under the Public Sector Workers' Compensation Program

("the Program"). Although Dr. Reyes had given the Program notice of other claims in connection with a workplace injury, she did not give notice of her right knee claim. Nonetheless the Program reviewed the right knee claim and determined that it was not causally related to her work place injury, denying her benefits. The DOES ALJ reversed this determination. The CRB then reversed the DOES ALJ, concluding that the ALJ did not have jurisdiction under D.C. Code § 1-623.24 (b)(1) (2014 Repl.) to hear this claim, even though the Program actually adversely decided the causal relationship issue, because petitioner had not given the Program proper notice of that claim. We conclude that the CRB, mistakenly relying on an inapposite and unpublished decision from this court, misinterpreted the jurisdictional requirements of D.C. Code § 1-623.24 (b)(1). Thus we reverse and remand.

## I. Procedural History

In January 2011, Dr. Reyes, a psychiatrist at St. Elizabeths Hospital, suffered a workplace injury after she was attacked by a patient. She filed a claim for temporary total disability benefits with the Program and provided written notice of multiple injuries to her face, head, and back, but did not at the outset note her right knee pain. Dr. Reyes was awarded temporary total disability benefits. Dr.

Reyes did not return to work until August 2011; thereafter she was notified that her disability benefits had been terminated.

In October 2012, Dr. Reyes received notice that the Program was closing her workers' compensation claim and that all benefits would be terminated. The Program relied primarily on an independent medical examination conducted by Dr. Stanley Rothschild, who assessed Dr. Reyes's assertion that her right knee was injured in connection with the assault on January 2011. Dr. Rothschild opined that Dr. Reyes's "current complications to the knee [were not] related to the accident." After the Program denied her workers' compensation benefits on this basis, Dr. Reyes requested reconsideration. The Program denied her request for reconsideration, issuing a Final Decision upholding its determination to terminate her benefits.

Dr. Reyes requested and received a formal hearing before a DOES ALJ. The ALJ issued an order concluding that Dr. Reyes's right knee condition was causally related to the January 2011 work incident and ordering continued payment of benefits. The District of Columbia Office of the Attorney General (OAG), on behalf of Dr. Reyes's employer, the Department of Mental Health (DMH), appealed to the CRB, arguing that the ALJ had no jurisdiction to make such a

determination because appellant had failed to notify the Program of her right knee condition in her initial claim for benefits.

The CRB identified D.C. Code § 1-623.24 (b)(1)[1] as the statutory provision that defines the DOES ALJ's jurisdiction,[2] and noted that it had previously "interpreted this provision to require issuance of a Final Determination [of a claim] by [the Program]." The CRB acknowledged that the Program had made a final determination of Dr. Reyes's claim when it concluded that her right knee condition was not causally related to her workplace injury in its Final Decision on Reconsideration. But the CRB then indicated that it believed this court, in an unpublished decision, *District of Columbia Hous. Auth. v. District of Columbia Dep't of Emp't Servs. (Jackson)*, No. 12-AA-1824, Mem. Op. & J. (D.C. Mar. 31, 2014), to have rejected the CRB's "liberal interpretation" of this statutory provision. The CRB understood this court to have held in *Jackson* that a DOES ALJ only has jurisdiction to hear claims for which the claimant had given timely

---

[1] "Before review under § 1-623.28 (a), a claimant for compensation not satisfied with a decision of the Mayor or his or her designee under subsection (a) of this section is entitled, on request made within 30 days after the date of the issuance of the decision, to a hearing on the claim before a Department of Employment Services Disability Compensation Administrative Law Judge." D.C. Code § 1-623.24 (b)(1).

[2] In challenging the jurisdiction of the ALJ, the OAG did not cite to D.C. Code § 1-623.24 (b)(1).

notice and for which the Program had issued a final decision. Although the CRB acknowledged that *Jackson*, as an unpublished decision, "is not to be viewed as having precedential authority," it felt "obligated to adopt" what it understood to be the court's reasoning therein. Accordingly, the CRB concluded that the ALJ lacked jurisdiction to adjudicate Dr. Reyes's claim, and vacated the ALJ's compensation order. Dr. Reyes then filed the petition for review now before us.

## II.    Analysis

"'Our standard of review of agency decisions in workers' compensation cases is governed by the District's Administrative Procedure Act.'" *Fluellyn v. District of Columbia Dep't of Emp't Servs.*, 54 A.3d 1156, 1159 (D.C. 2012) (quoting *Mills v. District of Columbia Dep't of Emp't Servs.*, 838 A.2d 325, 328 (D.C. 2003)); D.C. Code §§ 2-501, 32-1522 (b)(3) (2012 Repl.). When presented with such decisions, "[w]e review the CRB's legal rulings *de novo*, recognizing that this court is the final authority on issues of statutory construction." *Fluellyn*, 54 A.3d at 1160 (internal quotation marks omitted). When confronted with an

ambiguous statutory provision, however, we will defer to an agency's reasonable interpretation of that provision. *Id.*[3]

Here the CRB correctly identified the controlling provision in the Public Sector Workers' Compensation Statute, D.C. Code § 1-623.24 (b)(1), which provides that "a claimant for compensation not satisfied with a decision of the Mayor or his or her designee under subsection (a) of this section is entitled, [upon a timely request] to a hearing on the claim before a [DOES ALJ]." On its face the statute indicates only that the Mayor or his designee—here the Program—must issue a "decision" before a claimant may seek review by a DOES ALJ. And it appears that until its decision in this case, the CRB interpreted the statute only to require that the Program issue a final decision in order for jurisdiction to vest with the ALJ. That seems to be the only correct interpretation of the text of D.C. Code § 1-623.24 (b)(1).

---

[3] *See generally MorphoTrust USA, Inc. v. District of Columbia Contract Appeals Bd.*, 115 A.3d 571, 583 (D.C. 2015) (explaining that "[i]n accordance with the Supreme Court's decision in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), before we afford some deference to an agency's interpretation of the statute that it administers at least two conditions must be met: (1) the statutory language in question must be ambiguous, and (2) the agency's interpretation must be reasonable").

Despite the seemingly plain meaning of the text of D.C. Code § 1-623.24 (b)(1), we acknowledge that the Public Sector Workers' Compensation statute elsewhere requires a claimant to provide timely written notice of her claims in order to obtain review by the Program. *See* D.C. Code § 1-623.21 (a)(1); *see also* 7 DCMR § 111.9.[4] But even if we were to discern some ambiguity in D.C. Code § 1-623.24 (b)(1) by reading it in conjunction with D.C. Code § 1-623.21, we would conclude that the CRB's reinterpretation of the jurisdictional requirements of D.C. Code § 1-623.24 (b)(1) by reference to our unpublished decision in *Jackson* was unreasonable.[5]

The procedural history of *Jackson* is distinguishable and the CRB misunderstood the nature of our decision in that case. *See Nunnally v. District of Columbia Metro. Police Dep't,* 80 A.3d 1004, 1012 (D.C. 2013) ("An agency's interpretation of our case law does not trigger an obligation of deference on our

---

[4] *But see* D.C. Code § 1-623.21 (b) (providing that the "Mayor may waive paragraphs (3) through (6) of subsection (a) of this section [requiring *inter alia* that claims be submitted on a form approved by the Mayor and contain all information required by the Mayor] for reasonable cause shown").

[5] This decision, although unpublished, is now part of the record in this case, because the OAG, in light of D.C. App. R. 28 (g) (generally prohibiting citation to unpublished opinions), filed a motion for permission to cite to *Jackson* "to explain the CRB's reliance on it and to respond to petitioner's arguments about it." As our internal operating procedures likewise prohibit citation to unpublished decisions, IOP IX.D, we discuss *Jackson* only for the limited purpose of explaining why it should have had no bearing on the CRB's jurisdictional analysis.

part."). In *Jackson*, the CRB upheld an ALJ's review of a request for benefits never presented to or decided by the Program, reasoning that the Program had failed to challenge the ALJ's jurisdiction and had thus waived any such argument. This court reversed the CRB, pointing out that Jackson's back claim was never asserted to DCHA. *Jackson* had no occasion to address, and thus did not decide, the question of whether an initial failure to allege an injury to a specific part of the body creates a jurisdictional bar even if the agency thereafter considers that alleged injury and decides on the merits that the alleged injury does not provide a basis for an award. This case presents that question, because Dr. Reyes did ask the Program to consider her right knee claim (in a motion for reconsideration, and the Program in fact did consider and reject that claim in its Final Decision on Reconsideration. *Jackson* is thus inapposite.

Therefore, we conclude that the CRB's determination that the ALJ lacked jurisdiction to hear Dr. Reyes's right knee claim was erroneous. We remand this matter to the CRB so it can address the merits of the ALJ's determination that petitioner's right knee condition was causally related to Dr. Reyes's January 2011 workplace injury.

*So ordered*.