Dissenting opinion by Associate Judge Mcleese at pages 162-63.
Blackburne-Rigsby, Chief Judge:
Claimant-petitioner Shuron Turner injured her right wrist and arm while working as a bus driver for employer-intervenor Washington Metropolitan Area Transit Authority ("WMATA"). Ms. Turner requested, and ultimately was awarded, benefits for a thirteen-percent permanent partial disability to her upper right extremity under the District of Columbia Workers' Compensation Act ("Act"). D.C. Code §§ 32-1501 to - 1545 (2012 Repl.). Afterwards, Ms. Turner sought reimbursement of attorney's fees in connection with her disability claim. See D.C. Code § 32-1530. Before this court is Ms. Turner's petition for review of the Compensation Review Board's ("CRB") order affirming the Administrative Law Judge's ("ALJ") decision to deny Ms. Turner's request for attorney's fees. We affirm.
*158 I.
Under the Workers' Compensation Act, a claimant may recover attorney's fees from the employer "in only two situations." Providence Hosp. v. District of Columbia Dep't of Emp't Servs. , 855 A.2d 1108, 1111 (D.C. 2004). In the first situation, a claimant is entitled to recover attorney's fees "if the employer refuses to pay any compensation for a work-related injury within thirty days of receiving written notice from the Mayor of a claim for compensation, and the claimant consequently uses the services of an attorney to prosecute successfully his or her claim." Id. (emphasis added) (citations and internal quotation marks omitted); see also D.C. Code § 32-1530(a). In the second situation, recovery of attorney's fees is permitted "if an employer voluntarily pays or tenders compensation without an award but later refuses to pay the additional compensation claimed by the claimant within fourteen days of receiving a recommendation by the Mayor that the claim is justified, and the claimant uses the services of an attorney to recover the full amount claimed." Providence Hosp. , 855 A.2d at 1112 (emphasis added) (citation and internal quotation marks omitted); see also D.C. Code § 32-1530(b).
Here, the record reflects the following: after Ms. Turner injured her right wrist and arm from prolonged driving of a bus in February 2012, she sought treatment and missed about three weeks of work. WMATA states, and Ms. Turner does not appear to contest, that WMATA paid Ms. Turner temporary total disability benefits from February 26, 2012, to December 12, 2012, and paid for her medical care. Ultimately, Ms. Turner returned to work, received vocational training, and was promoted to a station manager in January 2015. In June 2015, Ms. Turner filed a claim for benefits for a thirteen-percent permanent partial disability to her upper right extremity. A claims examiner with the Office of Workers' Compensation ("OWC") held an informal conference and issued a Memorandum of Informal Conference on July 13, 2015, recommending a seven percent permanent partial disability award. WMATA received the memorandum on July 16, and notified OWC within fourteen days that it was accepting OWC's recommendation, on July 31. Ms. Turner, on the other hand, informed OWC that it was rejecting OWC's recommendation and sought formal review.[1] Following a formal hearing, the ALJ agreed with Ms. Turner and awarded her a thirteen-percent permanent partial disability to the upper right extremity, which the CRB affirmed.
Ms. Turner thereafter filed a petition for attorney's fees with the ALJ, pursuant to D.C. Code § 32-1530. The ALJ denied Ms. Turner's petition for attorney's fees, and the CRB affirmed. The CRB rejected Ms. Turner's claim for attorney's fees on the basis that she did not meet the requirements of § 32-1530(b) because she rejected the OWC recommendation after WMATA had accepted the recommendation. The CRB cited to Providence Hospital , for the proposition that the claimant is not entitled *159 to attorney's fees where the employer did not reject the recommendation. 855 A.2d at 1114. The CRB further observed that WMATA's "mere mention of a credit it thought it was owed does not equate to" a rejection by WMATA of OWC's recommendation." This petition for review followed.
II.
Ms. Turner argues here that, although WMATA notified OWC that it was accepting OWC's recommendation on July 31, a subsequent email chain between WMATA and Ms. Turner in August 2015, where WMATA notified Ms. Turner that it would seek a "credit" for other payments that it had made to Ms. Turner constituted a de facto rejection of the informal recommendation by WMATA. Specifically, in connection with another workers' compensation case involving Ms. Turner, WMATA paid an award that was subsequently vacated by the CRB. Ms. Turner claims that WMATA did not act in "accordance with th[e] recommendation" by referencing the credit and not paying. Providence Hosp. , 855 A.2d at 1113.
This court's review of the CRB's decision is limited to determining whether it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Reyes v. District of Columbia Dep't of Emp't Servs. , 48 A.3d 159, 164 (D.C. 2012) (citation and internal quotation marks omitted). We will affirm the CRB (and the ALJ) if "(1) the agency made findings of fact on each contested material factual issue, (2) substantial evidence supports each finding, and (3) the agency's conclusions of law flow rationally from its findings of fact." Id. (citation and internal quotation marks omitted).
As stated earlier, attorney's fees are warranted under § 32-1530, in only two limited situations. Under § 32-1530(a), a claimant is entitled to attorney's fees if the employer refuses to pay any compensation after a claim has been filed, and the employee, through counsel, is ultimately successful in his/her claim for workers' compensation. Subsection (a) does not apply because WMATA paid Ms. Turner temporary total benefits and her medical expenses when she initially filed her claim for workers' compensation. WMATA also did not dispute that Ms. Turner suffered a work-related injury to her right wrist and arm. See Fluellyn v. District of Columbia Dep't of Emp't Servs. , 54 A.3d 1156, 1160 (D.C. 2012) (Under subsection (a), "a claimant may recover attorney's fees if the employer disputes liability for the disability ...."). Consequently, Ms. Turner's reliance on subsection (a) is inapposite. Ms. Turner argues that WMATA did not actually pay her pursuant to the OWC's recommendation of a seven-percent permanent partial disability award, and that this fact allows her to recover under subsection (a). However, Ms. Turner appears to ignore that WMATA did not contest that Ms. Turner suffered a work-related injury and paid temporary total disability benefits and her medical expenses. Because WMATA did not initially "decline[ ] to pay any compensation ... [after] a claim for compensation ha[d] been filed," subsection (a) does not apply.
Further, Ms. Turner has failed to meet the requirements of subsection (b) to recover attorney's fees. Under subsection (b), "a claimant may recover attorney's fees if the employer tenders compensation initially without an award, but later refuses to pay additional compensation recommended by the agency after an informal conference, and the claimant uses an attorney to recover a greater amount via an award of compensation." Fluellyn , 54 A.3d at 1160. In interpreting § 32-1530(b), we *160 have said that we adhere to the plain language of the statute and will allow recovery "only when the express conditions of the statute are met, including the employer's rejection of the Mayor's written recommendation in the case." Providence Hosp. , 855 A.2d at 1114. Here, it is undisputed that WMATA notified OWC that it was accepting its recommendation, while Ms. Turner notified OWC that it was rejecting its recommendation. Accordingly, Ms. Turner failed to satisfy the "express condition" of subsection (b) that the employer must "refuse to accept [the Mayor's] written recommendation[.]" D.C. Code § 32-1530(b). In Providence Hospital , we held that:
32-1530 (b) requires that an employer/insurer reject the Mayor's recommendation before attorney's fees may be awarded to the claimant. Because it was the claimant in this case , and not the employer, who rejected the Mayor's recommendation, the DOES decision to affirm an award of attorney's fees was plainly erroneous and inconsistent with the statute and with our prior case law.
855 A.2d at 1110 (emphasis added). Providence Hospital clarifies that the "plain language of the statute clearly mandates that an employer's rejection of the Mayor's written recommendation is a prerequisite to the claimant recovering attorney's fees." Id. at 1113. Consequently, "[i]f the employer agrees with the Mayor's recommendation and acts in accordance with that recommendation, the claimant is barred from recovering attorney's fees." Id.
While subsection (b)[2] does appear to envision a scenario where an employee who "refuses to accept" what the employer tenders may be awarded attorney's fees, this scenario is limited to where the employer both refuses to accept the Mayor's recommendation in full and tenders less than what the Mayor recommended or nothing at all. Consequently, by negative implication, and under the canon of expressio unius est exclusio alterius , where (as here) the employer did accept the recommendation in full and (as the record reflects) intended to tender the full amount recommended by the Mayor, the employee who rejects that tender is not entitled to attorney's fees by statute.[3] "In all other cases any claim for legal services shall not be assessed against the employer or carrier." See D.C. Code § 32-1530(b) ; see generally District of Columbia v. Reid , 104 A.3d 859, 867 (D.C. 2014).
We agree with the CRB that the fact that WMATA merely advised Ms. *161 Turner, informally, and by email, that it "may" seek a "credit" for payments already tendered to Ms. Turner in a different case, without more, is insufficient to demonstrate that WMATA was rejecting OWC's recommendation, or that it was acting not "in accordance with [OWC's] recommendation." Providence Hosp. , 855 A.2d at 1113. Our dissenting colleague argues that WMATA did not act "in accordance" with OWC's recommendation to pay Ms. Turner because WMATA did not actually make any payments in accordance with the recommendation. Post at 163-64. However, WMATA cannot be faulted for failing to pay under the recommendation because, once Ms. Turner rejected the recommendation and filed a hearing petition, the recommendation no longer became binding. WMATA therefore lacked the opportunity to get the benefit of the settlement bargain by paying in accordance with the recommendation. We have previously said that OWC's recommendation only "becomes binding if the recommendation is not timely rejected within fourteen days and an application for a formal hearing is not filed within thirty-four days after issuance of the recommendation." Travelers Indem. Co. of Ill. v. District of Columbia Dep't of Emp't Servs. , 975 A.2d 823, 826 (D.C. 2009). This is because the informal recommendation is "in effect, a recommendation for settlement - which the parties can either accept or reject," and thus the recommendation "acquires the force of law only if it is 'accepted by the parties.' " Id. at 829. Moreover, rejection of the recommendation by one party divests OWC "of jurisdiction to further consider the matter." Fluellyn , 54 A.3d at 1164 ; see also 7 DCMR § 219.23 ("All informal procedures shall terminate when an application for formal hearing is filed."). To assess attorney's fees on the employer when it was the employee who rejected the recommendation would be equivalent to incongruously treating the employer as bound by a settlement that the employee rejected. A settlement is supposed to settle the dispute.
Moreover, we have said that "when claimants decline to use th[e] informal procedure in favor of the formal claims procedure, they do so at the risk of increased expense to themselves and to the system." Nat'l Geographic Soc. v. District of Columbia Dep't of Emp't Servs. , 721 A.2d 618, 622 (D.C. 1998).[4] Our colleague's interpretation is contrary to this basic principle.
The situation might potentially have been different had WMATA informed OWC that it would be formally seeking a credit. In such an instance, we can envision this action as constituting a de facto rejection of the recommendation. However, that is not what occurred here, and we cannot say that WMATA could fairly be characterized as having rejected the recommended award or failed to act in accordance with the award simply by informally emailing Ms. Turner of the possibility that it would seek a credit.
We further reject the dissent's claim that § 32-1530(b) does not, by its terms, "tie the availability of a fee award to the claimant's decision to accept or contest the *162 recommended award." Post at 166. This argument has essentially already been rejected in Providence Hospital . We agreed with the employer in Providence Hospital that attorney's fees should not have been awarded to claimant because "[t]he statute is specific in setting forth the requisite conditions for a claimant to recover attorney's fees, and leaves no discretion to the agency or court to decide cases in which all the conditions are not met." 855 A.2d at 1114. Consequently, by the plain language of the fee award statute that expressly excludes "all other cases" than those that meet the criterion of either subsection (a) or (b), Ms. Turner's rejection of the recommendation, where WMATA accepted the recommendation, constitutes a bar to recovery. Neither the agency nor this court has any discretion to consider whether attorney's fees is warranted in circumstances other than those expressly provided by § 32-1530.
Our dissenting colleague also believes that this case should be remanded for the CRB to consider whether Ms. Turner's rejection of the informal recommendation and the filing of an application for a formal hearing, in of itself, is a sufficient basis to deny her claim for attorney's fees. Post at 164-65. For the reasons already stated, we disagree that § 32-1530 (b) could be read as requiring the employer to pay under the (non-binding) recommendation, or face attorney's fees, if it is the employee who rejects the recommendation and files an application for a formal hearing. The dissent claims that we are affirming on a rationale that the CRB did not rely on in its order. Post at 165. However, we maintain that the CRB implicitly agreed with this proposition largely relying on our decision in Providence Hospital .
III.
Nothing in our opinion should be read to suggest that an employer can merely "utter the words" of acceptance, but not actually pay the award once the recommendation converts to a final order, a situation that did not occur here. Finally, although the Act clearly contemplates that the employee is entitled to recourse where the employer fails to pay or unreasonably delays payment, here, no such relief is warranted because the employer did not fail to pay under a final order or unreasonably delay payment. See D.C. Code § 32-1528 (b) (stating that the District will assess penalties on the employer or carrier who delays payment of an award in bad faith).
The CRB did not err in concluding that WMATA's acceptance of OWC's recommendation for compensation of a seven percent permanent partial disability award precludes Ms. Turner's claim for attorney's fees under D.C. Code § 32-1530. We further agree with the CRB that WMATA's informal email to Ms. Turner referencing that it might seek a potential credit does not constitute a "refusal" by WMATA to act in accordance with the recommendation. For these reasons, we
Affirm.

It appears from an attached August 2015 email chain that Ms. Turner was at first going to accept OWC's recommendation. In fact, Ms. Turner's counsel also asked WMATA to "hold off" issuing the check "until the recommendation is converted to a final order." However, Ms. Turner ultimately rejected the recommendation after counsel for WMATA responded by informing her that WMATA was going to seek a "credit" for advanced payment of compensation. Specifically, WMATA believed that it was entitled to a credit in the amount of $ 14,303.34, because it paid Ms. Turner that amount for an unrelated award of sixteen-percent permanent partial disability of the left leg that the CRB had subsequently vacated. The ALJ and the CRB later rejected WMATA's claim to a "credit."

The relevant portion of subsection (b) states:
If the employer or carrier refuse to accept such written recommendation, within 14 days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation and thereafter utilizes the services of an attorney-at-law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation.

The dissent argues that, per § 32-1530 (b), an employer who believes that an informal recommendation is excessive or unwarranted can choose to make lesser payments or none at all. Post at 166. But if the employer chooses to make a lesser payment or none at all, then the employer would be deemed to have rejected the informal recommendation, thereby opening itself up to a claim for attorney's fees. See § 32-1530 (b) ("If the employer or carrier refuse to accept such written recommendation, within 14 days after its receipt by them, they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled.").

Our dissenting colleague's attempt to distinguish National Geographic Society on factual grounds is inapposite. Post at 166-67. Our decision in National Geographic is clearly applicable here because Ms. Turner seeks attorney's fees, despite the fact that it was she who declined the informal procedure in favor of the formal claims process. Ms. Turner therefore bears the risk of choosing this more expensive route, and it would be contrary to the Workers' Compensation Act and the intent of § 32-1530 (b) for her to seek reimbursement of her attorney's fees from WMATA, when WMATA never sought to go down that route.