*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-AA-974

MOSES C. RILEY, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

D.C. WATER AND SEWER AUTHORITY, *ET AL*., INTERVENORS.

On Petition for Review of a Decision and Order of the
District of Columbia Department of Employment Services
(CRB-79-19)

(Argued June 23, 2021                    Decided September 9, 2021)

*David M. Snyder* was on the brief for petitioner.

*Stacy L. Anderson*, Senior Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General, *Caroline S. Van Zile*, Principal Deputy Solicitor General, and *Carl J. Schifferle*, Deputy Solicitor General, were on the brief for respondent.

*Douglass A. Datt* was on the brief for intervenors.

Before MCLEESE and DEAHL, *Associate Judges*, and FERREN, *Senior Judge*.

FERREN, *Senior Judge*: This case presents the unusual question whether this court should accept for review an interlocutory appeal from the denial of an

interlocutory appeal by an administrative agency. The petitioner, Moses C. Riley, seeks interlocutory review of a Compensation Review Board (CRB) order dismissing his application for interlocutory review of the denial of his motion to dismiss his employer's request for a formal hearing by an administrative law judge (ALJ) from the Administrative Hearings Division (AHD) of the Department of Employment Services (DOES). Riley's workers' compensation claim allegedly arose out of a work-related injury he suffered while employed as a maintenance mechanic for intervenor, D.C. Water and Sewer Authority (WASA). He argues that his petition meets this court's criteria for interlocutory review because, without it, he "will be precluded from asserting" WASA's liability for statutory attorney's fees "when a permanent partial disability award is issued." We agree with Riley, reverse, and remand the case for further proceedings.

## I. Facts and Proceedings

While working for WASA on September 21, 2017, Riley was tightening straps to pull a belt on a pallet when he felt discomfort in his left shoulder. He underwent an arthroscopic evaluation, resulting in a distal clavicle resection to repair a rotator cuff tear for which WASA voluntarily paid Riley temporary total disability benefits. On June 19, 2018, Riley returned to work without restriction,

after which he underwent a permanency evaluation by his physician, who concluded that Riley had a thirty-three percent permanent partial impairment to his left arm.

On March 8, 2019, Riley emailed WASA requesting permanent partial disability benefits of "33% to the left arm." He then applied to the DOES Office of Workers Compensation (OWC) for an "informal conference" to resolve the matter, if possible—a conference that, pursuant to statute and regulations, would trigger a written recommendation from the Mayor.[1] OWC issued a notice the next day, scheduling the conference for April 10, 2019. On March 26, 2019, however, WASA sought to bypass the scheduled conference. It filed an application with the Hearing and Adjudications Section of the AHD, requesting instead a "formal hearing" before an ALJ to challenge Riley's claim for compensation, thereby terminating the informal conference process and its related Mayoral recommendation. WASA alleged "a lack of medical and/or legal causation" of Riley's injury and also contested the "nature and extent" of his disability. WASA further maintained that, because Riley had returned to his previous position without restriction and was earning more than he had at the time of his injury, he

---

[1] *See* D.C. Code § 32-1530(b) (2019 Repl.).

suffered no economic loss, and thus was not entitled to a permanent disability award.

In response, on April 15, 2019, Riley filed a motion to dismiss WASA's request for a formal hearing, arguing that the AHD had no "subject matter jurisdiction" over the request because WASA had no standing to bring a worker's compensation claim on Riley's behalf. Riley also asserted that WASA could not seek a formal hearing in any event without "exhaust[ing]" the informal conference process, which he characterized as a "mandatory administrative remed[y]" that is a "statutory prerequisite for a formal hearing."

On July 10, 2019, an ALJ from the AHD denied Riley's motion to dismiss, stating that neither the District's Workers' Compensation Act (WCA)[2] nor the related regulations "mandate a party first seek an informal conference prior to filing an application for a formal hearing." Riley then sought interlocutory review of the ALJ's ruling by the CRB, whereupon the AHD held the scheduled formal hearing in abeyance pending Riley's CRB petition.

---

[2] D.C. Code §§ 32-1501 to -1545 (2019 Repl.).

Riley urged the CRB to employ the "collateral order" doctrine to exercise interlocutory jurisdiction over the AHD's order. More specifically, he argued that, in correctly applying the three required doctrinal criteria: (1) the AHD had conclusively determined a "disputed question of law" by ruling that the parties need not have exhausted the informal conference process before WASA sought a formal hearing; (2) the AHD had resolved an "important issue . . . separate from the merits" of Riley's disability claim, namely, that WASA had standing to apply for a formal hearing in lieu of "informal procedures" to resolve the dispute; and (3) the AHD's grant of WASA's application for a formal hearing—eclipsing Riley's request for the informal procedure—unlawfully imposed "unreviewable" litigation burdens on Riley, including a lost opportunity to seek statutory attorney's fees from WASA if his disability claim was successful. In sum, Riley argued that, because WASA had bypassed the informal conference process by requesting—and receiving—a scheduled formal hearing on Riley's claim, WASA had failed to "exhaust[] its administrative remedies."

On September 20, 2019, the CRB rejected Riley's arguments and issued an order dismissing his application for interlocutory review. On October 17, 2019, Riley filed a petition with this court for interlocutory review of the CRB's dismissal order. WASA then sought dismissal of Riley's petition, observing that it

had been taken from a non-final order and, in any event, did not meet the criteria for interlocutory review.

On January 29, 2020, this court denied without prejudice WASA's motion to dismiss, requesting the parties to file briefs addressing whether the CRB's order met our requirements for interlocutory review under the collateral order doctrine. This court's order specifically referenced the traditional three-part test for interlocutory review reflected in Riley's petitions to the CRB and, subsequently, to this court: "(1) [the order] must conclusively determine a disputed question of law, (2) it must resolve an important issue that is separate from the merits of the case, and (3) it must be effectively unreviewable on appeal from a final judgment."[3]

---

[3] *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1228 (D.C. 2016). This court has long relied on this formulation. *See McNair Builders, Inc. v. Taylor*, 3 A.3d 1132, 1135 (D.C. 2010); *Finkelstein, Thompson & Loughran, v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 339–40 (D.C. 2001) *narrowed by McNair Builders, Inc.*, 3 A.3d at 1135; *Bible Way Church of Our Lord Jesus Christ of Apostolic Faith of Washington District of Columbia v. Beards*, 680 A.2d 419, 425–26 (D.C. 1996); *Stein v. United States*, 532 A.2d 641, 643 (1987) (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)).

## II. Statutory and Regulatory Scheme

The WCA[4] outlines the procedures an employee must follow when filing a claim of injury, as well as the corresponding obligations of DOES. The applicable regulations elaborate the claims process, including an informal settlement procedure. Regulation 7 D.C.M.R. § 211.2 (1986) provides that OWC "may utilize . . . non-adjudicative fact finding procedures including informal conferences under § 219 of this chapter to narrow issues, encourage voluntary payment of claims, and encourage agreement between interested parties." Regulation 7 D.C.M.R. § 219.2 (1994) states that participation in an informal conference is "voluntary." If the parties reach a settlement, OWC then prepares a final compensation order that embodies the agreement.[5]

"If at the close of an informal conference, the parties have not reached an agreement on all of the disputed issues, the Office shall evaluate all the available information and prepare a Memorandum of Informal Conference containing

---

[4] *See supra* note 2.

[5] 7 D.C.M.R. § 219.16 (1994).

recommendations."[6]   The parties then have fourteen days to state in writing whether they agree with the recommendations.[7]  If they agree, OWC issues a final compensation order in line with the agreement.[8]  If the parties do not agree, either party may seek a formal hearing.[9]  If neither party requests a formal hearing within fourteen days of the Memorandum of Informal Conference, it becomes a final compensation order.[10]

Alternatively, once a party files a claim for compensation, "any interested party"—claimant or employer—may apply to the AHD for a formal hearing before an ALJ.[11]  "Upon application of any interested party the Mayor shall order a hearing within 90 days, unless the Mayor grants a special extension of time for the development of facts."[12]  "An original application for formal hearing shall be in

---

[6]  7 D.C.M.R. § 219.18.

[7]  7 D.C.M.R. § 219.20.

[8]  7 D.C.M.R. § 219.21.

[9]  7 D.C.M.R. § 219.22.

[10]  *Id.*

[11]  D.C. Code § 32-1520(c).

[12]  *Id.*

writing, signed by the moving party, and filed with [the AHD]."[13]  Central to this proceeding, once a party applies for a formal hearing, "[a]ll informal procedures shall terminate."[14]

At the heart of Riley's argument for interlocutory review is the related fee-shifting statute.  D.C. Code § 32-1530 entitles a claimant to attorney's fees in two, limited circumstances.  *First*, a claimant is entitled to attorney's fees if an employer refuses to pay after an employee files a claim for compensation, and if the employee, through counsel, thereafter obtains a compensation award.[15] *Second*,  a claimant also may recover attorney's fees if: (1) the employer tenders "compensation without an award"; (2) "a controversy develops over the amount of additional compensation, if any," the employee should receive; and (3) an "informal conference" fails to resolve the matter.[16]  At that point, D.C. Code § 32-1530(b) says "the Mayor shall recommend in writing a disposition of the

---

[13]  7 D.C.M.R.  § 220.1 (1999)

[14]  7 D.C.M.R.  § 219.23.

[15]  D.C. Code § 32-1530(a).

[16]  D.C. Code § 32-1530(b); 7 D.C.M.R.  § 211.2.

controversy."[17] The Mayor's written recommendation "is not defined in the [WCA] or the regulations," but this court has construed it to mean the "Memorandum of Informal Conference" (described above in regulation 219.18)[18] prepared by the OWC after the parties have failed to "reach[] an agreement on all of the disputed issues."[19] Attorney's fees are then awardable to an employee who "uses an attorney to recover a greater amount via an award of compensation."[20]

"In all other cases any claim for legal services shall not be assessed against the employer or carrier."[21] Because WASA tendered compensation to Riley without an award but is now refusing to pay additional compensation, Riley's petition, he alleges, falls under the second scenario.

---

[17] *Id.*

[18] *See supra* note 6.

[19] *Kelly v. District of Columbia. Dep't of Emp't Servs.*, 214 A.3d 996, 1005–06, 1010 n.12 (D.C. 2019) ("Mayor's 'written recommendation' referred to in the statute is the Memorandum of Informal Conference described in the regulation").

[20] *Turner v. District of Columbia Dep't of Emp't Servs.*, 210 A.3d 156, 159 (D.C. 2019) (summarizing D.C. Code § 32-1530(b)).

[21] D.C. Code § 32-1530(b).

### III. Petition for Interlocutory Review

This court reviews CRB decisions "to determine whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[22] We review the CRB's legal rulings de novo but defer to the agency's "reasonable interpretation of the statute it administers where there is an ambiguity to be resolved."[23] "Unless the agency's interpretation is plainly wrong or inconsistent with the statute, we will sustain it even if there are other constructions which may be equally reasonable."[24]

We usually have "jurisdiction to review only agency orders or decisions that are final."[25] Riley argues, however, that this case satisfies the requirements for interlocutory review of the CRB's denial of interlocutory review. Federal courts commonly have ruled that interlocutory review is available for interlocutory

---

[22] *Muhammad v. District of Columbia Dep't of Emp't Servs.*, 34 A.3d 488, 491 (D.C. 2012) (internal citations omitted).

[23] *Kelly*, 214 A.3d at 1000.

[24] *Nat'l Geographic Soc'y v. District of Columbia Dep't of Emp't Servs.*, 721 A.2d 618, 620 (D.C. 1998).

[25] *Warner v. District of Columbia Dep't of Emp't Servs.*, 587 A.2d 1091, 1093 (D.C. 1991) (specifying narrow exceptions for "remand orders").

agency action.[26] This court has not definitively answered that question, but substantial authority, with which we agree,[27] supports such review, and we are satisfied that we can invoke our interlocutory jurisdiction if not otherwise precluded.

That said, we have observed that "exhaustion of administrative remedies is a prerequisite to judicial review of agency action absent extraordinary

---

[26] *See Hale v. Norton,* 476 F.3d 694, 697–98 (9th Cir. 2007) ("Even if a particular agency action does not, on its own, satisfy the principle of finality, the collateral order doctrine may nevertheless preserve jurisdiction."); *Rhode Island v. Env't Prot. Agency*, 378 F.3d 19, 25 (1st. Cir. 2004) ("[E]very circuit to have considered the question to date has determined (often with little or no analysis) that the collateral order doctrine applies to judicial review of administrative determinations."); *Meredith v. Fed. Mine Safety & Health Rev. Comm'n*, 177 F.3d 1042, 1044 (D.C. Cir. 1999) (liability of Mine, Safety, and Health Administration officials was reviewable under the collateral order doctrine); *Donovan v. Oil, Chem., & Atomic Workers Int'l Union*, 718 F.2d 1341, 1343–46 (5th Cir. 1983) (motion to vacate ALJ's order for review prior to review by a commission was appealable under the collateral order doctrine); *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 922–24 (2d Cir. 1983) (Commission's interlocutory denial of motion to vacate order granting review of ALJ's rulings was appealable under the collateral order doctrine). *But see La. State Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391–93 (5th Cir. 2019) (applicable statute and regulations did not permit interlocutory review of agency action even under collateral order doctrine).

[27] *See id.*

circumstances."[28]  On that occasion we rejected interlocutory review because the agency had not acted "plainly in excess of its delegated powers."[29]  On other occasions, however, addressing the exhaustion issue more comprehensively, we catalogued an array of exceptions to the finality requirement, including "collateral matters" as well as "irreparable harm [] that would warrant judicial intervention"[30]—both of which, we conclude, exempt our analysis from further "exhaustion" concerns here.

Appropriately, therefore, the Motions Division's order asks the parties to determine "whether the Compensation Review Board's Order [of September 20,

---

[28]  *Bender v. District of Columbia Dep't of Emp't Servs.*, 562 A.2d 1205, 1207 (D.C. 1989).

[29]  *Id.* at 1209.

[30]  *Warner*, 587 A.2d at 1093–94 (citing *Dir., Off of Workers' Comp. Programs v. Brodka*, 643 F.2d 159, 163 n.9 (3d Cir. 1981)); *accord Sun Shipbuilding Dry Dock Co. v. Benefits Rev. Bd., U.S. Dep't of Lab.*, 535 F.2d 758, 760 (3d Cir. 1976) (defining "collateral" issue exception by reference to *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949) (announcing collateral order doctrine), and defining "irreparable injury" exception by reference to *Isbrandtsen Co. v. United States*, 211 F.2d 51, 55–56 (D.C. Cir. 1954) (stating that "[t]he ultimate test of reviewability is . . . to be found . . . in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, the results of which the regulations purport to control" (internal quotation marks omitted))).

2019] meets the three requirements[31] for this court's interlocutory review under the collateral order doctrine." The test for invoking the doctrine is "stringent";[32] it is intended to apply only to "a small class of non-final orders" deemed "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[33] Aware of this stringency, the CRB applied the three established criteria and declined interlocutory review of the ALJ's (AHD's) order granting WASA's application for a formal hearing. As to each, the CRB erred; its order denying interlocutory review of the AHD order satisfies all three "collateral order" criteria essential to this court's granting interlocutory review.

In applying the *first* criterion, the CRB ruled that the AHD's order did not "conclusively determine a [disputed] question of law."[34] It said that the law answering whether WASA had "standing" to request a "Formal Hearing with AHD" was "well-established"; the employer "does have" such standing as an

---

[31] *See* text accompanying *supra* note 3.

[32] *McNair Builders, Inc.*, 3 A.3d at 1136 (quoting *Will v. Hallock*, 546 U.S. 345, 349–50 (2006)).

[33] *Mann*, 150 A.3d at 1228 (internal citations and quotation marks omitted).

[34] *Id.*

"interested party" with the right to "apply for a hearing on a claim."[35]   In other words, "standing" no longer was "disputed."  We cannot agree.  The issue is not whether this court had previously determined an abstract issue of law; the question for the CRB, rather, was whether the AHD itself had "conclusively determined" the disputed questions of law *in this case*.[36]  Similarly, the first question for us now is whether the CRB conclusively determined such an issue, and it clearly did so.  It relied on *Kelly*[37] and related regulations to determine, initially, that WASA was authorized to request the formal hearing that canceled Riley's earlier request to pursue informal statutory procedures.  The CRB then "conclusively determine[d]" that, as a result of the cancellation, Riley had lost any opportunity to claim statutory attorney's fees—at least until he received a compensation award after the formal hearing and filed a fee claim successfully challenging the rule that the CRB concluded *Kelly* had established.

---

[35]  *See Kelly*, 214 A.3d at 1002 (noting that 7 D.C.M.R.  §§ 220-23 outlines the "process by which AHD conducts formal hearings")].

[36]  *See Mann*, 150 A.3d at 1228 (quoting *Doe v. Burke*, 91 A.3d 1031, 1038 (D.C. 2014)) ("'conclusivity element' of the collateral order doctrine is 'satisfied when a trial court has determined movant is ineligible for protection under the [Anti-SLAPP] statute'").

[37]  *See supra* note 35.

The CRB also mentioned the *second* criterion, which limits interlocutory review to resolving "an [1] important issue that is [2] separate from the merits of the case."[38] But neither element of this two-part criterion was discussed. Apparently, it was obvious to the CRB that the employer's "standing" (authority) to prevent an informal conference (by asking instead for a formal hearing) was "separate from the merits of the case" (Riley's disability claim), thus satisfying the second element. And we agree. By confirming the employer's authority to walk away from Riley's requested informal conference at the OWC, and to apply instead for a formal hearing at the AHD, the CRB issued a ruling anterior to the merits.

That ruling alone, however, did not embrace the first element, requiring a finding of "importance" sufficient to permit collateral review.[39] The CRB thus defaulted on its responsibility to address that element. We are satisfied, however, that WASA's ability to request a formal hearing (to cancel the scheduled informal conference), coupled with Riley's right to contest that move, resolved "an

---

[38] *Mann*, 150 A.3d at 1228.

[39] The CRB did acknowledge Riley's contention that the separate, important issue must be an "issue of public policy," quoting *Finkelstein, Thompson, & Loughran*, 774 A.2d at 340, but the CRB made no further reference to that assertion. *See also Mann*, 150 A.3d at 1230–31 (quoting *McNair Builders, Inc.*, 3 A.3d at 1136) (on interlocutory appeal, a trial court's order "den[ying] a special motion to dismiss implicates a 'substantial public interest'").

important issue" of "public policy."[40]  Not only is Riley's potential right to statutory fees implicated (absent a predicate, "informal conference"), but also the same right for future litigants is at stake.[41]  Indeed, the "humanitarian purpose" of the WCA[42] is diminished by the statutory interpretation that the CRB attributes to *Kelly*,[43] which would limit an award of attorney's fees in many instances to successful reliance on informal procedures, including a Mayor's recommendation, that an employer can upend by requesting a formal hearing instead.[44]  Accordingly, we have an undeniably "important" issue before us: whether an employer has the

---

[40] *See supra* note 36.

[41] 7 D.C.M.R. § 219.2 (2000). *Cf. McAteer v. Lauterbach*, 908 A.2d 1168, 1170 (D.C. 2006) ("a decision in this case discussing the conditions necessary to justify a *lis pendens* may give helpful (*i.e.*, 'important') guidance to the trial court and to parties beyond those involved in this case" because the relevant language of the District's *lis pendens* statute had not yet been interpreted by this court); *Galloway v. Clay*, 861 A.2d 30, 33 (D.C. 2004) (the issue of whether a lawyer may withdraw from representing a party in a continuing proceeding in Superior Court was important because denial of the attorney's motion to withdraw "amounts to requiring specific performance" and "may cause significant hardship" to the attorney" (internal quotation marks omitted)).

[42] *See, e.g.*, *McCamey v. District of Columbia Dep't of Emp't Servs*, 947 A.2d 1191, 1197 (D.C. 2008) ("This court follows the principle that workers compensation statutes should be liberally construed to achieve their humanitarian purpose." (internal quotation marks omitted)); *Clark v. District of Columbia Dep't of Emp't Servs*, 743 A.2d 722, 728 (D.C. 2000) (noting the "humanitarian purpose of the Workers' Compensation Act").

[43] *Kelly*, 214 A.3d at 1013.

[44] *See* text accompanying *supra* notes 16–19.

right to cancel an "informal conference"—thus preventing any recommendation from the Mayor—and then to insist on a formal hearing, which eliminates any opportunity for an employee to obtain statutory attorney's fees, even if successful after the hearing.

Finally, as to the *third* criterion—i.e., whether the employer's right to ask for a formal hearing (and thereby to preclude a recommendation from the Mayor) would "be effectively unreviewable on appeal from a final judgment"[45]—the CRB essentially answered "No." It ruled that Riley would not be precluded "from raising this issue on appeal [of a final order] in the case if and when an application is filed seeking a fee award against the Employer." Put even more directly, the CRB is saying that, until there is a compensation award, there is nothing to appeal, collaterally or otherwise; Riley's argument is premature, with no present impact on reviewability.[46]

---

[45] *Mann*, 150 A.3d at 1228.

[46] The CRB buttresses its prematurity argument by implicitly confirming that, absent en banc review, a challenge to *Kelly's* interpretation of D.C. Code § 32-1530(b) would be precluded before a three-judge division of this court. *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).

We cannot agree; the third (and final) criterion for interlocutory review is satisfied. The CRB's order has already denied interlocutory review of the AHD's ruling that WASA, as an "interested party" had "standing" (authority) to apply for a formal hearing of Riley's disability claim. Thus, unless we grant interlocutory review of the CRB's order, the parties will proceed to the formal hearing (presently stayed). If Riley were then to prevail on his disability claim (absent an earlier, "informal conference" followed by a Mayor's recommendation), he would have no corresponding claim for statutory attorney's fees pursuant to D.C. Code § 32-1530(b).[47] Accordingly, the alleged right to potential fees, presented here on interlocutory appeal, would have become "effectively unreviewable" as moot.[48]

---

[47] A "claimant may recover attorney's fees if the employer tenders compensation initially without an award, but later refuses to pay additional compensation recommended by the agency *after an informal conference*, and the claimant uses an attorney to recover a greater amount via an award of compensation." *Turner*, 210 A.3d at 159 (quoting *Fluellyn v. District of Columbia Dep't of Emp't Servs.*, 54 A.3d 1156, 1160 (D.C. 2012)) (emphasis added).

[48] The government urges that the availability of attorney's fees should await a final order (subject, if necessary, to a second appeal to this court). Without our interlocutory review, however, the CRB would have no reason, given its understanding of *Kelly*, to rule differently from its earlier orders. Therefore, our interlocutory review, satisfying the criteria for jurisdiction, has been essential to avoiding a waste of time and resources.

In sum, the only route to statutory fees is by way of an "informal conference" followed by a Mayor's (meaning the OWC's)[49] final compensation order[50] or recommendation.[51] But once a formal hearing is convened, a Mayor's written order would no longer be available. Accordingly, far from being premature (as both DOES and WASA contend), a decision of this court resolving Riley's interlocutory appeal is necessary, absent an informal conference and Mayoral recommendation. Otherwise, any "final judgment" in Riley's favor after a formal hearing on his disability claim would come too late to include a fee award, thus making that issue effectively unreviewable on appeal.

## IV. *Kelly*

Having established our interlocutory jurisdiction, we turn to the merits of Riley's appeal. And, because this case presents issues similar to those in *Kelly*, it is essential to resolve whether *Kelly* controls the outcome here.

---

[49] *Turner*, 210 A.3d at 160.

[50] 7 D.C.M.R. § 219.16.

[51] 7 D.C.M.R. § 219.18.

In *Kelly*, this court held that a claimant for workers' compensation was not authorized to apply for statutory attorney's fees in connection with his successful compensation claim.[52] We explained that, when an employer voluntarily pays or tenders compensation "without an award" (as WASA did here) and "a controversy develops" over "additional compensation, if any, to which the employee may be entitled," the plain language of the governing statute and regulations limits the availability of a statutory attorney's fee to situations in which the employee has received a proposed disposition, "in writing," from the Mayor.[53]

After Kelly had filed a claim, his employer, Pepco, had voluntarily begun to pay compensation.[54] Seeking a higher amount, Kelly applied for an "informal conference" to resolve the claim.[55] Pepco soon asked, instead, for a "formal hearing," which was granted (upon cancellation of the informal conference), whereupon the ALJ awarded Kelly additional compensation.[56] Kelly then filed for

---

[52] *Kelly*, 214 A.3d at 999–1000.

[53] *Id.* at 1006–07 (quoting 7 D.C.M.R. § 219.20).

[54] *Id.* at 999.

[55] *Id.*

[56] *Id.*

statutory attorneys' fees under D.C. Code § 32-1530(b), which the ALJ denied.[57] The CRB affirmed that ruling, and, after reviewing Kelly's appeal, we also affirmed.[58]

As explained earlier, statutory attorneys' fees are awardable in this context only when (1) the Mayor has recommended "in writing a disposition of the controversy" which the employer or carrier rejects "within 14 days after receipt"; (2) the employer tenders another amount which the claimant also rejects; and (3) with the help of a lawyer, the claimant recovers an amount "greater than the amount paid or tendered by the employer or carrier."[59] There was, however, no written recommendation from the Mayor in *Kelly*. Although informal procedures had been invoked pursuant to applicable regulations,[60] a Mayor's recommendation comes only after conclusion of a voluntary, "informal conference,"[61] which had been terminated in compliance with D.C.M.R. §§ 219.2, 219.23—regulations

---

[57] *Id.* at 1000.

[58] *Id.* at 1000, 1013.

[59] D.C. Code § 32-1530(b).

[60] *See* 7 D.C.M.R. §§ 211.2 and 219.2.

[61] *See Kelly*, 214 A.3d at 1005–06.

which we expressly noted Kelly raised no challenge to in that appeal[62]—by Pepco's request for a formal hearing.[63] Once the employer's request for a formal hearing had been granted, any regulatory role for a written recommendation by the Mayor had evaporated under the regulations that were unchallenged in *Kelly*.[64]

Despite *Kelly*, we cannot overlook the statutory language that, when "a controversy develops over the amount of additional compensation, . . . the Mayor *shall recommend in writing a disposition of the controversy*" (emphasis added).[65]

---

[62] *Id.* at 1006 n.6 ("This issue is not before us because it was neither addressed by the CRB nor—crucially—raised by Kelly before this court. Indeed, Kelly's counsel explicitly stated at oral argument that he was "not challenging the statute or the regulation.").

[63] *See* 7 D.C.M.R. §§ 219.2, 219.23. Participation in an informal conference is voluntary, 7 D.C.M.R. § 219.2, and, if either party applies for a formal hearing, informal procedures must terminate. 7 D.C.M.R. § 219.23. *See also Travelers Indem. Co. of Ill. v. District of Columbia Dep't of Emp't Servs.*, 975 A.2d 823, 829 (D.C. 2009) ("Once an application for a formal hearing is filed . . . all informal procedures must be terminated.") (quoting *Nat'l Geographic Soc'y*, 721 A.2d at 622)). The AHD then assumes exclusive jurisdiction over the workers' compensation claim.

[64] *See Kelly*, 214 A.3d at 1010 (maintaining that the only way to fulfill the requirements of § 32-1530(b) and thus recover attorney's fees is to reject the mayor's Memorandum of Informal Conference).

[65] D.C. Code § 32-1530(b).

This express, mandatory language overrides any regulation inconsistent with it.[66]

Thus, the statutory requirement that the Mayor "shall" weigh in with a "written

recommendation"[67] must be implemented either in the usual way, after conclusion

of a prescribed "informal conference," or—however otherwise arranged—*before* a

formal hearing is held.  Regulations inconsistent with this ruling must be revised.[68]


That said, nothing would preclude reliance on the current, informal

procedures as the vehicle for the Mayor's input.  The point here, rather, is that the

---

[66] *See, e.g., District of Columbia v. Brookstowne Cmty. Dev. Co.*, 987 A.2d 442, 449 (D.C. 2010) (agency's regulation is invalid if in conflict with its statute); *Anderson v. William J. Davis, Inc.*, 553 A.2d 648, 650 n.6 (D.C. 1989) ("To the extent that the regulation may be inconsistent with [the governing statute], the statute must prevail over the regulation."); *see also Brown v. District of Columbia*, 727 A.2d 865, 868 (D.C. 1999) (stating that "shall" is considered mandatory statutory language).

[67] D.C. Code § 32-1530(b).

[68] In *Kelly*, this court applied the regulations then existing under the statute. We recognized, however, that the statutory language of D.C. Code § 32-1530(b) ("Mayor *shall* recommend") "appears to be in tension" with 7 D.C.M.R. §§ 219.2 and 219.23 ("participation by interested parties in [informal] conferences shall be voluntary," and "[a]ll informal procedures shall terminate when an application for formal hearing is filed"). *Kelly*, 214 A.3d at 1006 n.6.  We observed, nonetheless, that "[t]his issue is not before us because it was neither addressed by the CRB nor—crucially—raised by Kelly before this court.  Indeed, Kelly's counsel explicitly stated at oral argument that he was "not challenging the statute or the regulation." *Id.* at 1006.

present regulations—never before challenged as inconsistent with the statute[69]—cannot stand in the way of a claimant's right to a Mayor's recommendation, as required by § 32-1530(b).

## V. Conclusion

In the end, *Kelly* does not control. Its previously unchallenged reliance on D.C.M.R. distinguishes *Kelly* from the situation confronting us here. For the reasons explained above, we reverse the CRB's order of September 20, 2019, denying interlocutory review and remand the case to the CRB for further proceedings, consistent with this opinion, implementing the "disposition" to be "recommended in writing" by the Mayor.[70]

*So ordered.*

---

[69] *See* 7 D.C.M.R. §§ 219.2 and 219.23.

[70] D.C. Code § 32-1530(b).